IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHARLES FELIX BEAN,<br>TDCJ #813264,<br><br>   Petitioner,<br><br>v.<br><br>LORIE DAVIS, Director,<br>Texas Department of Criminal<br>Justice - Correctional<br>Institutions Division,<br><br>   Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br><br>CIVIL ACTION NO. H-18-1016 |

## MEMORANDUM OPINION AND ORDER

State inmate Charles Felix Bean (TDCJ #813264) has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") (Docket Entry No. 1) challenging a state court conviction that was entered against him in 1998. After reviewing the pleadings in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the court will dismiss this case for the reasons explained below.

### I. Background

On January 14, 1998, a jury in the 183rd District Court of Harris County, Texas, found Bean guilty of aggravated robbery in Cause No. 699028.[1] Bean was sentenced to 61 years in prison.[2] The

---

[1] Petition, Docket Entry No. 1, pp. 2-3.

[2] Id. at 2.

conviction was affirmed on direct appeal, see Bean v. State, No. 14-98-00092-CR, 1999 WL 1041358 (Tex. App. — Houston [14th Dist.] Nov. 18, 1999), and the Texas Court of Criminal Appeals refused his petition for discretionary review on July 26, 2000.[3]

On March 27, 2018, Bean executed the pending Petition for a federal writ of habeas corpus.[4] In three overlapping grounds for relief, Bean asserts the following claims: (1) the trial court denied him due process by failing to raise an issue about his competency and sanity; (2) his trial attorney was deficient for failing to investigate evidence of his mental and medical history or present this information as mitigating evidence; and (3) "newly discovered evidence" obtained by a family member shows that he lacked competency to stand trial or was insane at the time of the offense and, therefore, he is "actually innocent."[5]

Court records reflect that Bean has filed a previous federal habeas corpus petition challenging the same conviction. See Bean v. Cockrell, Civil No. 4:02-1625 (S.D. Tex.) (Docket Entry No. 5). The district court denied relief and dismissed the case with prejudice on May 22, 2002, after finding that the petition was barred by the governing statute of limitations. See id. Bean did not appeal or seek a certificate of appealability from the Fifth Circuit. Acknowledging that the pending Petition in this case

---

[3] Id. at 3.

[4] Id. at 11.

[5] Id. at 7-8.

attacks the same conviction, Bean concedes that he has not received permission from the Fifth Circuit to raise a successive challenge.[6]

## II. Discussion

This case is governed by the Anti-Terrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2244(b), which imposes restrictions on the filing of "second or successive" applications for habeas relief. Before a second or successive application permitted by this statute may be filed in a district court the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. See 28 U.S.C. § 2244(b)(3)(A). To the extent that the pending Petition qualifies as a successive writ application, the court has no jurisdiction to consider it absent prior authorization from the Fifth Circuit.

The Fifth Circuit has recognized that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." In re Cain, 137 F.3d 234, 235 (5th Cir. 1998). A subsequent application is second or "successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." Id.; see also United States v. Orozco-Ramirez, 211 F.3d 862, 867 (5th Cir. 2000).

---

[6]Id. at 9 ¶ 22.

All of Bean's proposed claims depend on facts that were available to him at or around the time of his trial in 1998 and could have been presented previously. Bean admits in a supporting memorandum that the trial court granted his pretrial motions for a competency and sanity evaluation and that he was examined by a clinical psychologist before his trial took place.[7] Likewise, the "newly discovered evidence" in support of his claims consists of records from the Harris County Hospital District following his suicide attempt at the Harris County Jail in 1996.[8] To the extent that Bean's pending claims complain of the trial court's conclusions about his competency and sanity or his defense counsel's handling of these issues prior to or during trial in 1998, the grounds for relief asserted in the Petition have been available since well before Bean's conviction became final in 2000. Because his claims could have been raised long ago, the pending Petition meets the second-or-successive criteria.

The issue of whether a habeas corpus petition is successive may be raised by the district court sua sponte. See Rodriguez v. Johnson, 104 F.3d 694, 697 (5th Cir. 1997). Because the pending Petition is successive, the petitioner is required to seek

---

[7]Applicant's Memorandum of Points and Authorities in Support of Petition for Article 11.07 Writ of Habeas Corpus, Docket Entry No. 1-1, pp. 6-7 (noting that the trial court granted his motions for a competency and sanity evaluation on September 19, 1995, and that he was examined by a state clinical psychologist on October 25, 1995).

[8]Medical Records, Docket Entry No. 1-1, pp. 31-42.

authorization from the Fifth Circuit before this court can consider it. See 28 U.S.C. § 2244(b)(3)(A). "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000) (citing In re Cain, 137 F.3d 234, 235 (5th Cir. 1998)). Absent such authorization this court lacks jurisdiction over the Petition. Id. at 775. Because the petitioner has not presented the requisite authorization, the Petition will be dismissed as an unauthorized successive writ.

## III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that 'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Where denial of relief is based on procedural grounds the petitioner must show not only that "jurists of reason would find it debatable whether the

petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim for relief. Therefore, a certificate of appealability will not issue.

## IV. Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1. The Petition for a Writ of Habeas Corpus By a Person in State Custody filed by Charles Felix Bean (Docket Entry No. 1) is **DISMISSED without prejudice**.

2. The petitioner's Application in Declaration Form to Proceed In Forma Pauperis (Docket Entry No. 3) is **DENIED**.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the petitioner.

**SIGNED** at Houston, Texas, on this the 4th day of April, 2018.

SIM LAKE
UNITED STATES DISTRICT JUDGE